1  REDEFINE LAW FIRM, INC.
   BABAK LALEZARI (SBN 261703)
2  BLalezari@redefinelawfirm.com
   6399 Wilshire Blvd., Suite #901
3  Los Angeles, CA 90048
   Telephone:   (310) 571-5297
4  Facsimile:   (310) 684-5793

5  Attorneys for Defendants DS Healthcare
   Group, Inc. (formerly the Florida
6  corporation known as Divine Skin, Inc.),
   and DS Laboratories, Inc.

7

8

9                UNITED STATES DISTRICT COURT

10   CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

11  KEVIN MCROBERTS, an individual,          Case No. 2:16-cv-6683

12              Plaintiff,                    **NOTICE OF REMOVAL OF
                                              ACTION TO FEDERAL COURT
13        v.                                  BY DEFENDANTS**

14  DS HEALTHCARE GROUP, INC., a
    Florida corporation; DS
15  LABORATORIES, INC., a Florida
    corporation; DIVINE SKIN CARE,
16  INC. [sic], a Florida corporation; and
    DOES 1 through 10, inclusive,
17
                Defendants.
18

19

20

21

22

23

24

25

26

27

28

Redefine Law
Firm, Inc.

**TO THE CLERK OF THE ABOVE-ENTITLED COURT, AND TO PLAINTIFF AND PLAINTIFF'S COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that Defendants DS Healthcare Group, Inc. (formerly the Florida corporation known as Divine Skin, Inc., which Plaintiff erroneously named in the Complaint as defendant "Divine Skin Care, Inc."), and DS Laboratories, Inc. (collectively, "Defendants" or the "Removing Defendants") pursuant to 28 U.S.C. § 1441, and with full reservation of all defenses, hereby remove the state action styled *McRoberts v. DS Healthcare Group, Inc., et al.*, filed in the Superior Court of the State of California in and for the County of Los Angeles, Case No. BC623633 (the "Action"), to the above-captioned Court.

**I.    Background.**

1.      On or about June 13, 2016, Plaintiff Kevin McRoberts ("Plaintiff") filed his Complaint in the Action.   A copy of all process, pleadings (including what Defendants received as the Complaint),[1] and orders served upon Defendants to date in the Action is filed concurrently with this Notice of Removal.   *See* 28 U.S.C. § 1446(a).

2.      On or about August 4, 2016, defendants DS Healthcare Group, Inc. and defendant DS Laboratories, Inc. were served with a copy of the Summons and Complaint.   DS Healthcare Group, Inc. is formerly the Florida corporation known as Divine Skin, Inc., which Plaintiff erroneously named in the Complaint as defendant "Divine Skin Care, Inc."

3.      Plaintiff's Complaint arises out of an alleged employment agreement between Defendant(s)[2] and Plaintiff, and sets out five causes of action: (1) violation of

---

[1] The copy of the Complaint that Plaintiff served did not include any of the exhibits referenced in the Complaint.

[2] Because the Complaint's allegations lump all defendants together, it is unclear from the Complaint which defendant Plaintiff alleges he had an employment agreement with.   *See, e.g.*, Complaint p.1.

California Labor Code §§ 201 and 203; (2) breach of written contract; (3) breach of oral contract; (4) promissory fraud; and (5) unfair business practices in violation of California Business and Professions Code § 17200.

4.     Plaintiff requests compensatory damages, liquidated damages, statutory penalties, restitution, attorneys' fees, punitive damages, prejudgment interest, and costs.

## II.     **Basis for Jurisdiction.**

5.     This Court has diversity jurisdiction over this removed action pursuant to 28 U.S.C. §§ 1332 and 1441.

6.     Pursuant to 28 U.S.C. § 1332, this Court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ."

7.     Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  For diversity actions to be removable, 28 U.S.C. § 1441(b) further requires that no defendant be a citizen of the forum state.

8.     Here, removal is appropriate because the parties in this action are diverse in citizenship, no defendant resides in the removal forum, and the amount in controversy exceeds the statutorily prescribed jurisdictional amount of $75,000.

9.     First, the parties are completely diverse.  Plaintiff is a citizen of the state of California.  *See, e.g.*, Complaint ¶ 1.  Defendant DS Healthcare Group, Inc. is incorporated in and has its principal place of business in the State of Florida.  DS Healthcare Group, Inc. is formerly the Florida corporation known as Divine Skin, Inc., which Plaintiff erroneously named in the Complaint as Florida corporation defendant "Divine Skin Care, Inc."  Defendant DS Laboratories, Inc. is also incorporated in and has its principal place of business in the State of Florida.

**NOTICE OF REMOVAL**

Redefine Law
Firm, Inc.

10.    Second, the alleged amount in controversy in this action exceeds the $75,000 jurisdictional requirement (though Defendants do not concede that Plaintiff is entitled to any damages, much less damages in excess of $75,000).    Plaintiff's Complaint is based on the alleged existence (and alleged acceptance) of an (1) an "Employment Agreement" that "offered Mr. McRoberts a one hundred thousand dollar ($100,000) annual salary, a signing bonus of twenty dollars ($20,000) in company shares with a 12-month lock-up that would vest after nine months of employment, and five bonus structures, four of which were fixed and nondiscretionary" (Complaint ¶ 18); and (2) an "Amendment" to this Employment Agreement that "guarantee[d] employment at minimum of the current annual salary as per contract for a period of 36 months from the date of agreement" (*id*. ¶ 19).  Plaintiff's breach of contract claims seek damages based on the purported breach of the Employment Agreement and Amendment that amount to more than $75,000.  (*See id*. ¶¶ 41–60.)  His other claims, one of which is premised on fraud and pursuant to which Plaintiff seeks punitive damages, also satisfy the $75,000 statutory prerequisite for asserting diversity jurisdiction.  (*See id*. ¶¶ 61–78.)

### III.    Unanimity.

11.    All defendants join in the removal of this action or consent to the removal of the Action.  *See Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1225 (9th Cir. 2009) ("One defendant's timely removal notice containing an averment of the other defendants' consent and signed by an attorney of record is sufficient.").

### IV.    Notice Given.

12.    Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal ("Notice of Filing of Notice of Removal") will be promptly served on all adverse parties, and a copy will be promptly filed with the Superior Court of the State of California in and for the County of Los Angeles.  A copy of the Notice of Filing of Notice of Removal will be promptly served on all parties and filed with this court.

Redefine Law
Firm, Inc.

**NOTICE OF REMOVAL**

## V.      **Removal is Timely Filed.**

13.     The Removing Defendants were all served on or about August 4, 2016. *See*, *supra*, ¶¶ 2–3.

14.     This Notice has been timely filed within thirty (30) days of the Removing Defendants' receipt of the Complaint as required by 28 U.S.C. § 1446(b).  *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) (receipt of an initial pleading means proper service as required by state law).  Plaintiff served the Complaint on August 4, 2016.  The 30-day removal deadline would have been Saturday, September 3, 2016, but because the last day fell on a Saturday and the following day that is not a Saturday or Sunday is a legal holiday (Labor Day), the period is extended by Federal Rule of Civil Procedure 6(a)(1)(C) until Tuesday, September 6, 2016.

## VI.     **Pleadings and Process.**

15.     As required by 28 U.S.C. § 1446(a), the Removing Defendants have attached to this Notice of Removal copies of all process, pleadings, and orders served on Removing Defendants in the Action.

## VII.    **Venue**

16.     Pursuant to 28 U.S.C. §1441(a), and for the purposes of removal only, venue in this district is proper for purposes of removal because this action is currently pending in the Superior Court of the State of California in and for the County of Los Angeles, a court sitting within the United States District Court for the Central District of California, Western Division.  *See* 28 U.S.C. § 84(c)(3).

## VIII.   **Non-Waiver of Defenses.**

17.     Nothing in this Notice shall be interpreted as a waiver or relinquishment of any Defendants right to assert any defense or affirmative matter, including without limitation a motion to dismiss pursuant to Federal Rule of Civil Procedure 12.

///

///

Redefine Law Firm, Inc.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**ACCORDINGLY**, this Court has jurisdiction over this matter, and Defendants hereby remove this Action from the Superior Court of the State of California in and for the County of Los Angeles to the above-captioned District Court.


DATED: September 6, 2016          **REDEFINE LAW FIRM, INC.**


_____
                    */s/ Babak Lalezari*
                    Babak Lalezari

Attorneys for Defendants DS Healthcare Group, Inc. (formerly the Florida corporation known as Divine Skin, Inc.), and DS Laboratories, Inc.

## PROOF OF SERVICE

I, **Babak Lalezari**, declare as follows:

I am employed in the County of Los Angeles, State of California; I am over the age of eighteen years and am not a party to this action; my business address is 6399 Wilshire Blvd., Suite #901, Los Angeles, California 90048, in said County and State. On September 6, 2016, I served the parties with:

**NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT BY DEFENDANTS**

by the following means of service:

Boren, Osher & Luftman, LLP
Jeremy J. Osher
Amanda N. Luftman
222 N. Sepulveda Blvd., Suite 2222
El Segundo, CA 90245
Phone: (310) 322-2220
Fax: (310) 322-2228
Attorneys for Plaintiff

**BY CM/ECF Electronic Service:**  I caused such document to be served via the Court's (NEF) electronic filing system on all registered parties.

☑ **BY UNITED STATES MAIL:** I placed a true copy in a sealed envelope or package addressed to the persons as indicated above, on the above-mentioned date, and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited with the U.S. Postal Service in the ordinary course of business in a sealed envelope with postage fully prepaid. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing set forth in this declaration.

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Los Angeles, California.

I declare under penalty of perjury that the foregoing is true and correct. Executed on September 6, 2016 in Los Angeles, California.

*/s/ Babak Lalezari*
Babak Lalezari

**NOTICE OF REMOVAL**

Redefine Law
Firm, Inc.